**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

KEVIN JAMES PRUDHOMME : DOCKET NO. 19-cv-01085

VERSUS : JUDGE TERRY A. DOUGHTY

BROCK SERVICES, LLC : MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a Motion to Dismiss under Federal Rule of Civil Procedure Rule 41 filed by defendant Brock Services, LLC, ("Brock") [doc. 26] as well as a Voluntary Motion to Dismiss filed by plaintiff Kevin James Prudhomme. Doc. 46. Plaintiff filed opposition to defendant's motion but his own motion is unopposed. Doc. 47. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, it is

**RECOMMENDED** that both Motions to Dismiss [docs. 26 and 48] be **GRANTED** and that this matter be dismissed with prejudice, each party to bear its own costs.

Plaintiff, Kevinn James Prudhomme, brought suit against Brock Industrial Services, Inc., in the 38th Judicial District Court for Cameron Parish, Louisiana. Doc. 1, att.2. Plaintiff alleged to have been injured on May 7, 2019, while using scaffolding "constructed, maintained, and inspected by defendant, BROCK INDUSTRIAL SERVICES, LLC." *Id.* at p. 3. While still in state court plaintiff amended his petition to name Brock Services, LLC ("Brock"), as the proper defendant. Doc. 1, att. 3, p. 12.

Brock removed the proceeding to this court on August 19, 2019, alleging diversity as the basis for our jurisdiction.  On December 4, 2019, a Scheduling Conference was held setting the matter for trial for April 19, 2021.  Doc. 11.  That trial date was continued at request of defendant. [doc. 14] and subsequently rescheduled for January 18, 2022.  Doc. 17.  That trial date was also continued [doc. 21] then reset for April 18, 2022.  Doc. 22.

Shortly after the last trial date was selected and on October 7, 2021, counsel for plaintiff moved to withdraw.  Doc. 23.  A hearing on that motion was held October 21, 2021, by telephone, a hearing in which plaintiff personally participated.  Doc. 25.  At that time the court explained to plaintiff what his responsibilities as a would be *pro se* litigant should he choose to continue to represent himself.  *Id.*

On November 13, 2021, Brock moved to dismiss this case for plaintiff's failure to comply with the court's Scheduling Order "to deliver a witness list to Defendant, identify his experts to Defendant, and to deliver the reports of his experts to Defendant."  Doc. 26.  Brock alleged that plaintiff's failure to comply with the court's Scheduling Order was in direct contravention to our instructions given to him at the October 21, 2021, hearing where it was plainly explained to plaintiff that his failure to follow "orders and rules of the Court . . . could ultimately result inn a recommendation that this case be dismissed."  Doc. 26, att. 1, p. 4.  Plaintiff responded to the motion by submission of one letter claiming he had "not been given deadlines by the court or any court info by the court" [doc. 29], and another letter explaining he was having difficulty finding counsel and asking for an extension of all deadlines for one year so that he could find counsel. Doc. 33.

Replying to plaintiff's opposition to its motion, Brock noted that plaintiff had in fact been notified of all pending deadlines when his former counsel moved to dismiss as verified by

attachments to the motion showing counsel's forwarding of the information to plaintiff. Doc. 37, p. 4. The Motion to Dismiss was set for hearing for March 10, 2022, at 1:30 p.m. by video conference. Doc. 39. On March 10, 2022, Brock augmented its reply by filing an "Addendum" to its original trial brief stating that, as of the time of that filing, plaintiff still had "done nothing to cure any of his failures to comply with the deadlines outlined in the Briefs submitted by Defendant to date." Doc. 43, p. 1.

The hearing was held as scheduled. As the minutes reflect, the hearing was suspended and scheduled to resume on July 7, 2022, at 10 a.m. by video conference. Doc. 45. The pending trial date was continued, and plaintiff was instructed as follows:

> Between today and the date hearing will resume, plaintiff is to attempt to retain new counsel as he indicates he wants to do but is to keep a log of his efforts showing who he contacted, when, at what number, and the reason given for representation being declined if that is the case and be prepared to share with the court the efforts he has made to obtain counsel if he has not already done so by the hearing date. If after hearing resumes the court denies the Motion to Dismiss there will immediately be held a Scheduling Conference in that same video conference before Magistrate Judge Kathleen Kay.

*Id.*

On June 2, 2022, plaintiff filed a document that includes a heading that reads "Motion to Dismiss." Doc. 46. In the document plaintiff makes effort to comply with the instructions given to him at the March 10 hearing as it contains names and telephone numbers of what appear to be attorneys contacted by him for representation. *Id.* In that document plaintiff also includes a request that any dismissal require each party to bear its own costs.

As evidenced the document linked to an order issued this date [doc. 47], the undersigned emailed plaintiff at the address provided by him to the court seeking clarification of his June 2, 2022, submission. In that communication we asked "[a]re you asking the court to treat [his letter]

as a Motion to Dismiss with each party to bear its own costs?"  Plaintiff replied "[y]es Judge, each party to bear its own all costs . . . .  Be let this be and over with."  *Id.*  By order this date we instructed the document filed by plaintiff be labeled a Voluntary Motion to Dismiss by plaintiff with consent.[1]

From the information presented it is clear that plaintiff has not complied with the court's instructions to comply with orders, including the court's Scheduling Order, and we therefore recommend that Brock's Motion to Dismiss [doc. 26] be **GRANTED** and this proceeding be dismissed with prejudice.  We also recommend, however, that plaintiff's own request for dismissal [doc. 46] be **GRANTED** and that each party be ordered to bear its own costs.

**Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 9th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] As part of the email chain referenced, defendant indicated it had no objection to a dismissal with each party bearing its own cost.